UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE STRAIN,<br><br>            Plaintiff,<br><br>    v.<br><br>J. BOWYER,<br><br>            Defendant. | No.  No.  2:20-cv-2104 DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding through counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A(a). This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.

**I.    IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). The request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

1

Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### A. ALLEGATIONS IN THE COMPLAINT

On October 17, 2018, plaintiff was standing outside a housing unit door waiting for a correctional officer to unlock the door. Defendant inserted herself between plaintiff and the door. When the door was opened, defendant stepped back and bumped into plaintiff. Defendant then falsely accused plaintiff of battering her and submitted a formal charge against him. Plaintiff was found not guilty of battery.

Although plaintiff was found not guilty of battery, he was placed in administrative segregation and deprived of privileges while the charge was resolved. Even though plaintiff was found not guilty, staff and other inmates continually refer to the false charges made by defendant as if they were true. The charges have been used to falsely report on risk assessments and have a negative impact on plaintiff's ability to obtain parole. Plaintiff has suffered anxiety and emotional distress.

Plaintiff brings a claim for a violation of his right to be free from cruel and unusual punishment under 42 U.S.C. § 1983 (first cause of action) and a Bane Civil Rights Act claim under section 52.1 of the California Civil Code (second cause of action).

### B. FAILURE TO STATE AN EIGHTH AMENDMENT CLAIM

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

2

support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construes the pleading in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The mere falsification of a report does not give rise to a claim under section 1983. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 953. (2nd Cir.1986), cert. denied, 485 U.S. 982 (1988). So long as procedural due process protections are provided, a prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct. Freeman, 808 F.2d at 952; see also Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984).

Extreme deprivations are required to make out a conditions of confinement claim under the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Id. Sweeping allegations that a defendant was deliberately indifferent by making false accusations that caused mental or emotional distress do not suffice to support an Eighth Amendment violation. E.g., Giles v. Forncrook, No. 18-CV-07466-YGR (PR), 2021 WL 783547, at *9 (N.D. Cal. Mar. 1, 2021); Smith v. California Dep't of Corr. & Rehabs., No. 218-CV-2942 KJM AC P, 2019 WL 3035370, at *6 (E.D. Cal. July 11, 2019) ("[t]he issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment.").

Although plaintiff lost privileges and suffered administrative segregation, the "transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468 (1983), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An indeterminate stay in administrative segregation and the loss of privileges, without

more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. See Anderson v. County of Kern, 45 F.3d 1310, 1315-16 (9th Cir. 1995), cert. denied, 516 U.S. 916 (1995). Similarly, the allegations that defendant's conduct resulted in false reporting on risk assessments and have a negative impact on plaintiff's ability to obtain parole do not suffice to show an Eighth Amendment injury. See Hudson, 503 U.S. at 9. In addition, the allegation that defendant's conduct has a negative impact on plaintiff's ability to obtain parole is too speculative and hypothetical to show an injury under the Eighth Amendment. See Whitmore v. Arkansas, 495 U.S. 149, 157 (1990).

Plaintiff further alleges defendant's statements have exposed him to a risk of harm. In order to be actionable, however, the risk of serious harm or injury must be substantial. Helling v. McKinney, 509 U.S. 25, 33 (1993); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff has not alleged that any physical injury, attacks or threats resulted. Moreover, the complaint's allegations do not allow a plausible inference that any physical injury or attacks are likely to occur.

Plaintiff has not plausibly alleged deprivations that amounted to cruel and unusual punishment. The Federal Rules of Civil Procedure favor liberal amendment. Fed. R. Civ. P. 15(a)(2). Nonetheless, leave to amend should be denied if amendment would be futile. See Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014). Out of caution, plaintiff will be granted leave to file an amended complaint. If plaintiff is unable to state a valid federal claim, then the undersigned will recommend the court decline to exercise supplemental jurisdiction over plaintiff's state law claim and will recommend that this case be dismissed.

ACCORDINGLY, IT IS ORDERED:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action, as set forth by separate order;
3. The complaint is dismissed with leave to amend; and
4. Plaintiff is granted 30 days to file an amended complaint; failure to file an amended

complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 10, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
stra2104.screen