UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE STRAIN, | No. No. 2:20-cv-2104 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. BOWYER, | |
| Defendant. | |

Plaintiff, a state prisoner, proceeds through counsel with this civil rights action filed under 42 U.S.C. § 1983. This matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint is before the court for screening. See 28 U.S.C. § 1915(e)(2)(B).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**I. Allegations in the First Amended Complaint**

The factual allegations in the first amended complaint are substantially the same as in the original complaint. On October 17, 2018, plaintiff was standing outside a housing unit door

waiting for a correctional officer to unlock the door. Defendant inserted herself between plaintiff and the door. When the door opened, defendant stepped back and bumped into plaintiff. Defendant falsely accused plaintiff of battering her and submitted a formal charge against him based on deliberately fabricated evidence. Plaintiff was found not guilty of battery.

Although plaintiff was found not guilty of battery, he was placed in administrative segregation and deprived of privileges while the charge was resolved. Even though plaintiff was found not guilty, staff and other inmates continually refer to the false charges made by defendant as if they were true and refer to plaintiff as the guy who battered staff. The charges have been used to falsely report on risk assessments and have a negative impact on plaintiff's ability to obtain parole. Plaintiff has suffered anxiety and emotional distress.

Based on these factual allegations, plaintiff's original complaint attempted to state claims for unlawful punishment and deliberate indifference under 42 U.S.C. § 1983. The court's May 10, 2021 screening order determined plaintiff could not proceed on a claim under the Eighth Amendment based on these facts. Pursuant to 42 U.S.C. § 1983, the first amended complaint attempts to state due process claims for deliberate fabrication of evidence (first cause of action); and (2) state-created danger (second cause of action).

**II. No Cognizable Due Process Claim**

The Due Process Clause does not create a liberty interest in remaining in the general population or being free from administrative segregation pending investigation of disciplinary charges. Hewitt v. Helms, 459 U.S. 468 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472. In addition, there is no state-created liberty interest implicated under the facts alleged because housing in administrative segregation pending investigation of disciplinary charges of which a prisoner is found not guilty does not impose atypical and significant hardships in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 484; Toussaint, 801 F.2d at 1091 (quoting Hewitt, 459 U.S. at 468). The general rule is that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). The circumstances described by plaintiff lie within the general rule.

The mere falsification of a report does not give rise to a claim under section 1983. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 953. (2nd Cir.1986), cert. denied, 485 U.S. 982 (1988). So long as procedural due process protections are provided, a prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct. Freeman, 808 F.2d at 952; see also Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984). On this basis, plaintiff fails to state a due process claim based on the deliberate fabrication of evidence.

Plaintiff also fails to state a due process claim based on a state-created danger. The Due Process Clause does not generally obligate the government to ensure an individual's safety. An exception arises when "state action creates or exposes an individual to a danger which he or she would not have otherwise faced." Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061 (9th Cir. 2006). Under this exception, the plaintiff must show "affirmative conduct on the part of the state in placing the plaintiff in danger" and that the government official "acted with deliberate indifference to a known or obvious danger." Patel v. Kent Sch. Dist., 648 F.3d 965, 974 (9th Cir. 2011) (internal quotation marks and citations omitted).

Here, there was no non-speculative threat to plaintiff's personal, physical safety. Without a concrete threat to plaintiff's personal, physical safety, the circumstances encountered did not constitute a known or obvious danger in the context of the state-created danger doctrine. See generally, e.g., Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061-62 (9th Cir. 2006) (citing collected cases construing state-created danger). Accordingly, plaintiff fails to state a cognizable process claim. Because it appears the pleading defects cannot be cured, the undersigned recommends dismissal without further leave to amend.

In accordance with the above, IT IS ORDERED:

1. The Clerk of Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED:

1. Plaintiff's first amended complaint (ECF No. 7) be dismissed without leave to amend for failure to state a cognizable claim for relief; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 16, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
stra2104.screen.fac